UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT
CASE NO. 24-11515

---

CHARLES BLACK,

Appellant,

vs.

ASHLEY REAGLE,

Appellee.

---

ON APPEAL FROM THE UNITED STATES DISTRICT
COURT FOR THE NORTHERN DISTRICT OF
FLORIDA, TALLAHASSEE DIVISION
CASE NO. 4:23-cv-491-AW-MAF

---

**AMENDED ANSWER BRIEF OF APPELLEE, ASHLEY REAGLE**
(to correct page sequence only)

THOMAS R. THOMPSON, ESQ.
Florida Bar No. 890596
Attorney at Law
1330 Thomasville Road
Tallahassee, Florida 32303
tom@tcslawfirm.net
(850) 386-5777

MALLORY B. BROWN, ESQ.
Florida Bar No. 0124039
Attorney at Law
1330 Thomasville Road
Tallahassee, Florida 32303
mallory@tcslawfirm.net
(850) 386-5777

# CERTIFICATE OF INTERESTED PERSONS AND CORPORATE DISCLOSURE STATEMENT

Pursuant to Eleventh Circuit Court of Appeals Rules of Appellate Procedure 26.1 the following are a complete list of persons having an interest in the outcome of the particular case or appeal, including, Judges, Attorneys and parties:

1. Charles Black – Appellant

2. Mallory B. Brown, Esq. – Counsel for Appellee

3. James V. Cook, Esq. – Counsel for Appellant

4. Florida Department of Highway Safety and Motor Vehicles – Defendant

5. Law Offices of James Cook – Counsel for Appellant

6. Ashley Reagle – Appellee

7. Thomas R. Thompson, Esq. – Counsel for Appellee

8. Thompson, Crawford, Brown & Smiley, P.A. – Counsel for Appellee

9. The Honorable Allen Winsor – United States District Judge

There are no publicly traded corporations involved in this case.

# STATEMENT REGARDING ORAL ARGUMENT

This Appellee suggests this appeal may be submitted for decision on the briefs alone.

# TABLE OF CONTENTS

**Certificate of Interested Persons** ……………………………………. ii

**Statement Regarding Oral Argument** …………………………… ii

**Table of Contents** …………………………………………………. iii

**Table of Citations** …………………………………………………. iv

**Statement of the Issues** ………………………………………………… 1

**Statement of the Facts** ………………………………………….... 2

**Summary of the Argument** ……………………………………. 5

**Argument:**

**I. THE DISTRICT COURT PROPERLY GRANTED THE MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT ON COUNT II AND COUNT III AS ASHLEY REAGLE IS ENTITLED TO QUALIFIED IMMUNITY..……………………………………………………………. 6**

**Conclusion** …………………………………………………………… 9

**Certificate of Service** …………………………………………….. 10

**Certificate of Compliance** ……………………………………… 11

TABLE OF CITATIONS

Cases                                                                           Page(s)

**Federal Circuit Court**

Collier v. Dickinson, 477 F.3d 1306 (11th Cir. 2007) ………………..         6

Garcia v. Casey, 75 F.4th 1176 (11th Cir. 2023) ……………………..           8

Gonzalez v. Reno, 325 F.3d 1228 (11th Cir. 2002) …………………...          6

Jordan v. Doe, 38 F.3d 1559 (11th Cir. 1994) ………………………….         7

Lee v. Ferraro, 284 F.3d 1188 (11th Cir. 2002) ……………………..           7

Piazza v. Jefferson Cnty., 923 F.3d 947 (11th Cir. 2019) …………..         6, 7

Prosper v. Martin, 989 F.3d 1242 (11th Cir. 2021) …………………...        7, 8

**Statutes**

42 U.S.C. §1983 …………………………………………………..                                2, 3, 6, 8

# STATEMENT OF THE ISSUES

The issues presented for this Court's consideration are:

I. **THE DISTRICT COURT PROPERLY GRANTED THE MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT ON COUNT II AND COUNT III AS ASHLEY REAGLE WAS ENTITLED TO QUALIFIED IMMUNITY**

# STATEMENT OF THE FACTS

Appellee adds the following facts from the record for the Court's consideration:

This is a claim of unlawful seizure under state law against the Florida Department of Highway Safety and Motor Vehicles ("DHSMV"), unlawful seizure under 42 U.S.C. §1983 against Ashley Reagle ("Reagle"), excessive force under 42 U.S.C. §1983 against Reagle and intentional infliction of emotional distress against Reagle by Charles Black ("Black"). The 42 USC §1983 claims against Reagle are the subject of this appeal.

On February 6, 2021, Trooper Ashley Reagle was on patrol, and Appellant was driving a vehicle in Tallahassee, Florida. (ECF 18). Trooper Reagle was "seeking a vehicle similar to Black's but with a South Carolina tag . . . ." (ECF 18, ¶ 14). "The radio traffic indicated that minutes earlier the vehicle sought was driven by a black male in a white shirt and pink hat who had run through stop signs." (ECF 18, ¶ 15). Black was wearing different clothes; he was not speeding or driving evasively. (ECF 18, ¶¶ 17-18). While his car was similar to the one that Trooper Reagle was looking for, per Appellant it was "virtually indistinguishable from hundreds of other vehicles in Tallahassee." (ECF 18, ¶ 22).

Black pulled up to the gate of an apartment complex and entered the gate code. When the gate opened, Trooper Reagle turned on her lights and siren. (ECF 18, ¶¶

24-25). Black parked the car in a spot and Trooper Reagle approached with her gun drawn. (ECF 18, ¶ 28). Black exited the car as requested and another officer cuffed Black's hands behind his back. (ECF 18, ¶ 37). Black was held until a Leon County Deputy arrived and told Trooper Reagle that Black was not the suspect they were looking for; Black was held for approximately thirty (30) minutes. (ECF 18, ¶ 40).

Appellant filed his initial complaint on September 18, 2023, in the Second Judicial Circuit for Leon County, Florida, wherein he alleged claims under both 42 U.S.C. §1983 and Florida tort law. The case was removed by the Defendants to the United Stated District Court for the Northern District of Florida, Tallahassee Division. (ECF 1). Appellee filed a Motion to Dismiss, which Appellant filed a response to. (ECF 6, 9). The Court entered an Order Granting in Part Motion to Dismiss, wherein Counts II and III were dismissed with leave to amend. (ECF 10). Appellant amended, and Defendants moved to dismiss Counts II and III of the Amended Complaint. (ECF 13, 14). The Court once again granted the Motion to Dismiss. (ECF 17). As to Count II, the Court held that Appellee was entitled to qualified immunity. (ECF 17). The Court further held that as to Count III, Appellant failed to allege sufficient facts that Appellee's conduct was "outrageous, beyond all bounds of decency, and odious and utterly intolerable in a civilized community." (ECF 17). Further, the Court also held that there was a lack of severe emotional distress. (ECF 17). Appellant was given another opportunity to amend the complaint,

which Defendants once again filed a motion to dismiss. (ECF 18, 19).

On April 4, 2024, the Court entered an Order Dismissing Federal Claims. (ECF 21). In the Order, the Court held that Appellee Reagle was entitled to qualified immunity as to Counts II and III, dismissed the case from federal court, and remanded the state court claim for further consideration. (ECF 21). This appeal followed shortly thereafter.

# SUMMARY OF THE ARGUMENT

The District Court properly granted Defendants' Motion to Dismiss Plaintiff's Second Amended Complaint as to Counts II and III as Appellee Reagle is entitled to qualified immunity.

# ARGUMENT I

## THE DISTRICT COURT PROPERLY GRANTED THE MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT ON COUNT II AND COUNT III AS ASHLEY REAGLE IS ENTITLED TO QUALIFIED IMMUNITY.

As the trial court properly held Reagle was entitled to dismissal on the grounds of qualified immunity on the 42 U.S.C § 1983 claims (Count II and III). This defense protects government officials performing discretionary functions from suit in their individual capacities unless their conduct violates "clearly established statutory or constitutional rights of which a reasonable person would have known." Gonzalez v. Reno, 325 F.3d 1228, 1230 (11th Cir. 2002); Collier v. Dickinson, 477 F.3d 1306, 1307 (11th Cir. 2007). The purpose of this immunity is to allow government officials to carry out their discretionary duties without the fear of personal liability or harassing litigation, protection from suit all but the plainly incompetent or one knowingly violating federal law. Id. Qualified Immunity is an entitlement not to stand trial or face the burdens of litigation, so the question of its application must be resolved at the earliest possible stage of litigation. Id.

It is appropriate to grant the defense of qualified immunity at the motion to dismiss stage if the complaint "fails to allege the violation of a clearly established constitutional right." Id.; see Piazza v. Jefferson Cnty., 923 F.3d 947, 951 (11th Cir. 2019). To receive qualified immunity, the official must first prove that he was acting in her discretionary authority. Discretionary authority includes all actions that were

undertaken as part of his duties and that were within the scope of his authority. Jordan v. Doe, 38 F.3d 1559, 1566 (11th Cir. 1994). Qualified immunity protects "all but the plainly incompetent or one who is knowingly violating the federal law." Lee v. Ferraro, 284 F.3d 1188, 1194 (11th Cir. 2002). The burden then shifts to show the immunity is not appropriate. Id. From the Second Amended Complaint, it does not appear that Black disputes that Reagle was acting within her discretionary authority during the traffic stop.

Because it is undisputed that Reagle was acting within her discretionary authority, the burden shifts to Black. To defeat a qualified immunity argument, a plaintiff must establish that "(1) the officer violated a constitutional right and (2) the right was clearly established at the time of the alleged violation." Piazza, 923 F.3d at 951. If Black fails either prong, Reagle is entitled to qualified immunity. Id.

"In determining whether the constitutional right at issue was 'clearly established' at the time the officer acted, we ask whether the contours of the right were sufficiently clear that every reasonable officer would have understood what he was doing violated that right." Prosper v. Martin, 989 F.3d 1242, 1251 (11th Cir. 2021). As the trial court relayed, there are three ways for a plaintiff to show a right was clearly established: "case law with indistinguishable facts clearly establishing the constitutional right"; "a broad statement of principle within the Constitution, statute, or case law that clearly established a constitutional right;" or "conduct so

egregious that a constitutional right was clearly violated, even in the total absence of case law." Id. The trial court properly held that Black has done none of these. (ECF 21). Specifically, Black has failed to present case law establishing the constitutional right. Next, Black did not present facts of any broad principle that clearly establishes a violation. Lastly, Reagle's alleged conduct was not so egregious that she, or any officer who acted in the same manner, would know that it constituted a constitutional violation even without case law. As a result of Black failing to show that there was a violation of a clearly established law, Reagle is entitled to qualified immunity.

As to Count II, probable cause is a complete defense to a false arrest claim. "Arguable probable cause" is sufficient to obtain qualified immunity for a false arrest claim. Garcia v. Casey, 75 F.4th 1176, 1186 (11th Cir. 2023). Black has failed to allege sufficient facts that Reagle lacked arguable probably cause. As the trial court previously held, Black argues that Reagle should have noticed that his tag was not from the same state nor did it have the correct tag number. (ECF 17). The trial court held that this allegation was "not enough to plausibly allege Reagle lacked probably cause" as license plates can easily be changed.

Thus, Reagle is entitled to qualified immunity as to the two Section 1983 claims against her – unlawful seizure (Count II) and excessive force (Count III). In this action, the allegations of this Second Amended Complaint clearly state that

8

Reagle was acting within her discretionary authority as a law enforcement officer with the Florida Highway Patrol when Black was pulled over as it was believed Black was a person whom the Leon County Sheriff's Office was looking for. This was within Reagle's discretionary authority and Black has failed to show that she violated a clearly established law and is therefore protected by qualified immunity.

## **CONCLUSION**

For the various reasons stated herein, this Court should Affirm the District Court's Order Denying the Motion for Relief from Judgment.

Dated this 24th day of October, 2024.

*/s/ Thomas R. Thompson*

_____
THOMAS R. THOMPSON, ESQ.
Florida Bar No. 890596
tom@tcslawfirm.net
rebecca@tcslawfirm.net
MALLORY B. BROWN, ESQ.
Florida Bar No. 0124039
mallory@tcslawfirm.net
victoria@tcslawfirm.net
1330 Thomasville Road
Tallahassee, Florida 32303
(850) 386-5777
ATTORNEYS FOR APPELLEE

# CERTIFICATE OF SERVICE

I HEREBY certify that a true and correct copy of the foregoing has been filed by ECF with the Court and has been sent electronically to Counsel for Appellant, James V. Cook, Esq., at cookjv@gmail.com on this 24th day of October, 2024.

*/s/ Thomas R. Thompson*
_____
THOMAS R. THOMPSON, ESQ.

# CERTIFICATION OF COMPLIANCE

The undersigned certifies that the Appellee's Answer Brief filed herein complies with the type-volume limitation of Fed. R. App. P. 32 because this brief uses a monospaced type font and contains 1,707 words, excluding the parts of this brief exempted by Fed. R. App. R.32(a)(7)(B)(iii).

This brief complies with the type face requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because this brief has been prepared in a monospaced typeface using Microsoft Word with Times New Roman type font of at least 10.5 characters per inch.

Dated this 24th day of October, 2024.

*/s/ Thomas R. Thompson*
_____
THOMAS R. THOMPSON, ESQ.