No. 24-11515-D

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

CHARLES BLACK,

*Plaintiff-Appellant*,

v.

ASHLEY REAGLE,

*Defendant-Appellee*.

On appeal from the United States District Court
for the Northern District of Florida

No. 4:23-cv-491-AW-MAF

## APPELLANT'S REPLY BRIEF

James V. Cook (FBN 966843)
Law Office of James Cook
143 West Jefferson Street
Tallahassee, Florida 32301
Tel. (850) 222-8080
cookjv@gmail.com

James M. Slater (FBN 111779)
Slater Legal PLLC
2296 Henderson Mill Rd. NE #116
Atlanta, Georgia 30345
Tel. (305) 523-9023
james@slater.legal

*Attorneys for Plaintiff-Appellant Charles Black*

No. 24-11515-D

*Charles Black v. Ashley Reagle*

**Appellant's Certificate of Interested Persons
and Corporate Disclosure Statement**

Pursuant to Rule 26.1 and 11th Cir. Rule 26.1-1(a)(3), the following is an alphabetical list of persons and entities with any known interest in the outcome of this appeal:

1. Black, Charles, Plaintiff-Appellant;

2. Brown, Mallory Bennett, Attorney for Defendant-Appellee Ashley Reagle and Defendant Florida Department of Highway Safety and Motor Vehicles;

3. Cook, James, Attorney for Plaintiff-Appellant Charles Black;

4. Fitzpatrick, The Honorable Martin A., United States Magistrate Judge;

5. Florida Department of Highway Safety and Motor Vehicles, Defendant;

6. Law Offices of James Cook, Attorneys for Plaintiff-Appellant Charles Black;

7. Reagle, Ashley, Defendant-Appellee;

8. Slater, James, Attorney for Plaintiff-Appellant Charles Black;

9. Slater Legal PLLC, Attorneys for Plaintiff-Appellant Charles Black;

10. Thompson, Crawford, Brown and Smiley, P.A., Attorneys for Defendant-Appellee Ashley Reagle and Defendant Florida Department of Highway Safety and Motor Vehicles;

11. Thompson, Thomas, Attorney for Defendant-Appellee Ashley Reagle and Defendant Florida Department of Highway Safety and Motor Vehicles;

12. Winsor, The Honorable Allen C., United States District Judge.

No publicly traded company or corporate is known to have an interest in the outcome of this appeal.

*/s/ James V. Cook*
James V. Cook (FBN 966843)
Law Office of James Cook
143 West Jefferson Street
Tallahassee, Florida 32301
Tel. (850) 222-8080
cookjv@gmail.com

*/s/ James M. Slater*
James M. Slater (FBN 111779)
Slater Legal PLLC
2296 Henderson Mill Rd. NE #116
Atlanta, Georgia 30345
Tel. (305) 523-9023
james@slater.legal

# Table of Contents

Argument..................................................................................................................1

I.  Reagle offers no substantive argument as to why reasonable jurors would not find that her seizure of Black violated the Fourth Amendment. .............................1

II. Reagle offers no response to Black's authorities to support reversal on qualified immunity..................................................................................................5

# Table of Authorities

**Cases**

*Beck v. Ohio*,
   379 U.S. 89, 85 S.Ct. 223, 13 L.Ed.2d 142 (1964)..................................................3

*Brent v. Ashley*,
   247 F.3d 1294 (11th Cir. 2001) ...............................................................................5

*Brown v. Illinois*,
   422 U.S. 590 (1975)..................................................................................................1

*Florida v. Bostick*,
   501 U.S. 429 (1991)..................................................................................................1

*Hunter v. State*,
   660 So. 2d 244 (Fla. 1995) ......................................................................................4

*Illinois v. Wardlow*,
   528 U.S. 119, 120 S.Ct. 673, 145 L.Ed.2d 570 (2000)...........................................3

*Jackson v. Sauls*,
   206 F.3d 1156 (11th Cir. 2000) ...............................................................................5

*Meshal v. Comm'r, Georgia Dep't of Pub. Safety*,
 117 F.4th 1273 (11th Cir. 2024) ................................................................5, 6

*Michigan v. Long*,
 463 U.S. 1032 (1983) ................................................................................2

*Navarette v. California*,
 572 U.S. 393, 396 (2014) ..........................................................................3

*Terry v. Ohio*,
 392 U.S. 1 (1968) ......................................................................................1

United States v. Brignoni-Ponce,
 422 U.S. 873 (1975) ..............................................................................2, 3

United States v. Place,
 462 U.S. 696 (1983) ..................................................................................2

United States v. Acosta,
 363 F.3d 1141 (11th Cir. 2004) ................................................................2

United States v. Caraballo,
 595 F.3d 1214 (11th Cir. 2010) ................................................................3

United States v. Chaidez-Reyes,
 996 F. Supp. 2d 1321 (N.D. Ga. 2014) .....................................................2

United States v. Gil,
 204 F.3d 1347 (11th Cir. 2000) ................................................................4

United States v. Hunter,
 291 F.3d 1302 (11th Cir. 2002) ................................................................4

United States v. Rias,
 524 F.2d 118 (5th Cir. 1975) .................................................................3, 6

*United States v. Salman*,
  286 F. Supp. 3d 1325 (M.D. Fla. 2018)................................................................4

*Whittier v. Kobayashi*,
  581 F.3d 1304 (11th Cir. 2009) ............................................................................5

*Williams v. City of Birmingham*,
  2019 WL 11679764 (N.D. Ala. Apr. 23, 2019).....................................................6

*Williamson v. Mills*,
  65 F.3d 155 (11th Cir. 1995) ................................................................................1

# Argument

## I. Reagle offers no substantive argument as to why reasonable jurors would not find that her seizure of Black violated the Fourth Amendment.[1]

A seizure takes place "whenever a police officer accosts an individual and restrains his freedom to walk away." *Terry v. Ohio*, 392 U.S. 1, 16 (1968). The Supreme Court has identified three categories of police-citizen encounters in determining which level of Fourth Amendment scrutiny to apply: (1) brief, consensual and non-coercive interactions that do not require Fourth Amendment scrutiny, *Florida v. Bostick*, 501 U.S. 429 (1991); (2) legitimate and restrained investigative stops short of arrests to which limited Fourth Amendment scrutiny is applied, *Terry*, 392 U.S. at 1; and (3) technical arrests, full-blown searches or custodial detentions that lead to a stricter form of Fourth Amendment scrutiny, *Brown v. Illinois*, 422 U.S. 590 (1975). "An arrest is quintessentially a seizure of a person, and therefore subject to the Fourth Amendment's reasonableness requirement." *McClish v. Nugent*, 483 F.3d 1231, 1238 (11th Cir. 2007).

This Court considers "four non-exclusive factors" when determining whether a given seizure was and remained a *Terry* stop rather than an arrest. *See,*

---

[1] Black's excessive force claim is subsumed into his Fourth Amendment seizure claim. *Williamson v. Mills*, 65 F.3d 155, 158–59 (11th Cir. 1995). Reagle fails to address it in her brief, and either way, because the case should be remanded on the seizure claim, claims of unnecessary or excessive force used during the seizure should similarly survive.

1

*e.g.*, *United States v. Acosta*, 363 F.3d 1141, 1146 (11th Cir. 2004). Those factors are: (1) "the law enforcement purposes served by the detention," (2) "the diligence with which the police pursue the investigation," (3) "the scope and intrusiveness of the detention," and (4) "the duration of the detention." *Id.* (quotation omitted). To determine whether an encounter is an investigative detention or an arrest, a court should also consider whether the suspect is "subjected to restraints comparable to those associated with a formal arrest." *United States v. Chaidez-Reyes*, 996 F. Supp. 2d 1321, 1335 (N.D. Ga. 2014) (citing *United States v. Acosta*, 363 F.3d 1141, 1149 (11th Cir.2004)) (cleaned up). Officers can hold someone at gunpoint, order them to the ground, and handcuff them without converting a detention into an arrest in some cases. *Id.* at 1335–36. Additionally, the Supreme Court has stated that officers may take reasonable steps to ensure their safety so long as they possess "an articulable and objectively reasonable belief that the suspect is potentially dangerous." *Michigan v. Long*, 463 U.S. 1032, 1051, 103 S.Ct. 3469, 77 L.Ed.2d 1201 (1983). Based on the facts and inferences that the Court must rely upon, there was no reason to believe that Black was potentially dangerous and Reagle—in her short response brief—offers nothing to the contrary.

This was not a momentary stop for "a brief question or two." *U.S. v. Brignoni-Ponce*, 422 U.S. 873, 881 (1975); *U.S. v. Place*, 462 U.S. 696, 709 (1983). In this case, the facts pled are not "sufficient to warrant a prudent man in

believing that the (suspect) had committed or was committing an offense." *Beck v. Ohio*, 379 U.S. 89, 91, 85 S.Ct. 223, 225, 13 L.Ed.2d 142 (1964), nor "a particularized and objective basis for suspecting the particular person stopped of criminal activity." *Navarette v. California*, 572 U.S. 393, 396 (2014), necessary to find reasonable suspicion.

Although reasonable suspicion is a less demanding standard than probable cause, the Fourth Amendment requires at least a minimal level of objective justification." *Illinois v. Wardlow*, 528 U.S. 119, 123, 120 S.Ct. 673, 145 L.Ed.2d 570 (2000). "The officer must be able to articulate more than an inchoate and unparticularized suspicion or hunch of criminal activity." *Id.* at 123–24, 120 S.Ct. 673. Instead, she must "point to specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant the intrusion." *United States v. Caraballo*, 595 F.3d 1214, 1222 (11th Cir. 2010).

Here, Reagle had no basis to detain or stop Black. As explained in his opening brief, Black's car was not unique, and the license plate did not match the suspect's. Black was wearing different clothing than what the suspect was reported wearing not long before Reagle stopped him. The only matching characteristic was that both men were African-American. But racial characteristics alone cannot be a basis for reasonable suspicion. *United States v. Brignoni-Ponce*, 422 U.S. 873, 882 (1975); *United States v. Rias*, 524 F.2d 118, 121 (5th Cir. 1975)

3

(No reasonable suspicion to stop two Black men in a black car, "without additional reliable evidence sufficient to warrant the conclusion that either or both of the men had been or were involved in criminal activity").

Not only that, but Reagle continued to detain Black knowing that his car had different plates and that his clothing did not match that of the subject, and even after others noted the same. *See United States v. Salman*, 286 F. Supp. 3d 1325, 1337 (M.D. Fla. 2018) (citing *United States v. Hunter*, 291 F.3d 1302, 1307 (11th Cir. 2002)) (explaining how a detention might not convert an encounter into an arrest where a limited stop is conducted to search outer clothing for weapons). *Cf. United States v. Gil*, 204 F.3d 1347, 1351 (11th Cir. 2000) ("to maintain the safety of the officers and the ongoing investigation of the residence, handcuffing [the defendant] and detaining her in the back of the police car was reasonable"); *Hunter v. State*, 660 So. 2d 244, 249 (Fla. 1995) (description of vehicle and occupants relevant in determining legitimacy of a stop pursuant to a BOLO under Florida law).

In response, Reagle offers nothing to support her position that there was any objective basis for the stop other than reliance on the district court's impermissible inferences construed against Black at the pleading stage that it may not be difficult to change license plates. That goes beyond the complaint and either way still does not provide an objective basis for the stop, or separately Reagle's prolonging of it.

## II. Reagle offers no response to Black's authorities to support reversal on qualified immunity.

Under this Court's precedent, "[a] law enforcement official who reasonably but mistakenly concludes that reasonable suspicion is present is still entitled to qualified immunity." *Meshal v. Comm'r, Georgia Dep't of Pub. Safety*, 117 F.4th 1273, 1287–88 (11th Cir. 2024) (quoting *Jackson v. Sauls*, 206 F.3d 1156, 1165–66 (11th Cir. 2000)). "When an officer asserts qualified immunity, the issue is not whether reasonable suspicion existed in fact, but whether the officer had 'arguable' reasonable suspicion to support an investigatory stop." *Jackson*, 206 F.3d at 1166. "Thus, the question is whether, under [Black's] version of events, the officers lacked even *arguable* reasonable suspicion for their actions." *Meshal*, 117 F.4th at 1288.

At the pleadings stage, the Court "must take the allegations in the complaint as true and analyze whether, under the facts as alleged, 'a reasonable officer could have believed that the [stop] comported with the Fourth Amendment.'" *Id.* (quoting *Brent v. Ashley*, 247 F.3d 1294, 1303 (11th Cir. 2001)). To do so, the Court "must examine the totality of the circumstances to determine whether an officer had a 'particularized and objective' basis to support his suspicion. Whether the officer's suspicion ends up being mistaken is immaterial so long as it was reasonable." *Meshal*, 117 F.4th at 1288 (quoting *Whittier v. Kobayashi*, 581 F.3d 1304, 1309 (11th Cir. 2009)).

Here, Black's complaint alleges that he was detained simply because he was an African-American man driving in the area. His car was not unique, and his plate was from a different state from the suspect's. Further, after detained by Reagle, she continued to detain him despite knowing that the license plate did not match. Any belief that Black was the suspect was "not only wrong—it was unreasonable." *Meshal*, 117 F.4th at 1288.

Reagle offers no rebuttal to the cases cited by Black in his opening brief, including *Williams v. City of Birmingham*, 2019 WL 11679764, at *17 (N.D. Ala. Apr. 23, 2019), aff'd sub nom. *Williams v. Aguirre*, 965 F.3d 1147 (11th Cir. 2020), where this Court affirmed qualified immunity to officers for seizure of two men who did not match the physical description of the suspects in a robbery in any material way, other than that the rather generic fact they were "two African-American males traveling on foot." *See also Rias*, 524 F.2d at 121 (no cause to stop vehicle solely based on race of occupants).

Here, the basis of the report is a radio communication from a law enforcement officer about a car that was running stop signs. The basis of the stop itself, when examined for consistency, is a similar car (out of hundreds in the city) and the driver is African-American. There are no facts about distance or route of travel. Nothing distinctive about the vehicle, or about the driver, except race. And whatever might be assumed about identity is contradicted by the wrong tag.

Reagle was stopped directly behind Black's vehicle and, as pleaded, had time as Black entered the code on the parking gate to see the vehicle tag. Moreover, the tag was apparent to Reagle after the stop commenced, and thus even if it was clearly established that Reagle could have stopped Black, she offers no support for any objective basis to continue the stop. Those facts are pleaded in the complaint, such as statement by officers at the scene that the tag was wrong while Reagle and others waited for the sheriff's deputy to arrive on the scene. (ECF No. 18 at ¶ 38.) Reagle mis-quotes the deputy as saying Black was "not the suspect they were looking for," when the facts pleaded were that Black was "the wrong person." (*Id.* at ¶ 40.) It was not objectively reasonable under the totality of the circumstances to continue the stop when Reagle knew, and other officers confirmed, that they had the wrong person. Reagle offers nothing in her response brief to suggest otherwise.

Dated: November 12, 2024

Respectfully submitted,

*/s/ James V. Cook*
James V. Cook (FBN 966843)
Law Office of James Cook
143 West Jefferson Street
Tallahassee, Florida 32301
Tel. (850) 222-8080
cookjv@gmail.com

-and-

/s/ James M. Slater
James M. Slater (FBN 111779)
Slater Legal PLLC
2296 Henderson Mill Rd. NE #116
Atlanta, Georgia 30345
Tel. (305) 523-9023
james@slater.legal

*Attorneys for Plaintiff-Appellant
Charles Black*

**Certificate of Compliance with Type-Volume Limitation,
<u>Typeface and Type-Style Requirements</u>**

I certify that this brief complies with Rule 32(a)(7)(B) because, excluding the parts of the brief exempted Rule 32(f), this brief contains 2,496 words. Further this brief complies with Rule 32(a)(5) and (6) because this document has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Times New Roman.

*/s/ James V. Cook*
James V. Cook

**<u>Certificate of Service</u>**

I hereby certify that on November 12, 2024, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will serve this document on all counsel of record. Further, four paper copies of this brief have been sent to the Clerk of Court in accordance with 11th Cir. Rule 31-3.

*/s/ James V. Cook*
James M. Slater